FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 03 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES POUNDERS, LANDON LAWSON
and JASON LAWRENCE                                                    PLAINTIFFS

vs.                               No. 4:17-cv-71-JM

CROW CONSTRUCTION, INC.,
and TRACY CROW                                                         DEFENDANTS

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Charles Pounders, Landon Lawson and Jason Lawrence, by and through their attorneys Joshua West and Josh Sanford of the Sanford Law Firm, PLLC, for their Original Complaint, and in support thereof do hereby state and allege as follows:

### I.
### INTRODUCTION

This case assigned to District Judge Moody
and to Magistrate Judge Kay

1.      Plaintiffs (hereinafter referred to collectively, where appropriate, as simply "Plaintiff") assert individual claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 et seq., against Defendants Crow Construction, Inc., and Tracy Crow (hereinafter referred to collectively, where appropriate, as simply "Defendant").

2. Plaintiff worked for Defendant in the State of Arkansas during the relevant time period, and he was denied his clearly established rights under applicable federal statutes.

3. Defendant paid no overtime premium wages whatsoever to Plaintiff.

4. As a result of the practices of Defendant described herein, Defendant failed to adequately and lawfully compensate Plaintiff, including overtime wages, as required by the FLSA and the AMWA, and the implementing regulations thereof.

II.

## JURISDICTION AND VENUE

5. Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 regarding his rights, and Defendant's obligations, under the FLSA.

6. Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*.

7. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

8. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

9. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

10. The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

11. No exemptions or exceptions to the application of the FLSA or the AMWA apply to Plaintiff.

## III.

## PARTIES

### A. Plaintiff Charles Pounders

12. Charles Pounders (hereinafter "Pounders") is a resident and domiciliary of Faulkner, Arkansas.

13. Pounders worked as an hourly general construction laborer for Defendant from approximately June of 2016 until September of 2016.

14. Pounders typically worked five (5) to seven (7) days per week, averaging over forty (40) hours per week that he worked, almost always working overtime each workweek.

15. At all times relevant to this Complaint, Pounders was intentionally and improperly not paid overtime premiums, but in reality he was a non-exempt employee of Defendant subject to the protections of the Fair Labor Standards Act.

16. Defendant paid Pounders $11.00 per hour.

17. As a result of Defendant's intentional mistreatment of Pounders, Pounders was never paid overtime premiums.

18. Pounders is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

**B.     Plaintiff Landon Lawson**

19. Landon Lawson (hereinafter "Lawson") is a resident and domiciliary of Faulkner, Arkansas.

20. Lawson worked as a general construction laborer for Defendant from approximately October of 2015 until September of 2016.

21. Lawson typically worked five (5) to seven (7) days per week, averaging over forty (40) hours per week that he worked, almost always working overtime each workweek.

22. At all times relevant to this Complaint, Lawson was intentionally and improperly not paid overtime premiums, but in reality he was a non-exempt employee of Defendant subject to the protections of the Fair Labor Standards Act.

23. Defendant paid Lawson $12.50 per hour.

24. As a result of Defendant's intentional mistreatment of Lawson, Lawson was never paid overtime premiums.

25. Lawson is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

### C. Plaintiff Jason Lawrence

26. Jason Lawrence (hereinafter "Lawrence") is a resident and domiciliary of Faulkner, Arkansas.

27. Lawrence worked as a construction foreman for Defendant from approximately October or November of 2015 until September 28, 2016.

28. Lawson typically worked five (5) to seven (7) days per week, averaging over forty (40) hours per week that he worked, almost always working overtime each workweek.

29. At all times relevant to this Complaint, Lawson was intentionally and improperly not paid overtime premiums, but in reality he was a non-exempt employee of Defendant subject to the protections of the Fair Labor Standards Act.

30. Defendant paid Lawson $25.00, and then later $30.00, per hour.

31. As a result of Defendant's intentional mistreatment of Lawson, Lawson was never paid overtime premiums.

32. Lawson is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

### D. Defendant Crow Construction, Inc.

33. Defendant Crow Construction, Inc., is an Arkansas for-profit corporation and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) for all relevant time periods.

34. The registered agent for Crow Construction, Inc., is Tracy Crow, whose address is 1865 Cox Cove, Conway, Arkansas 72034.

35. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all relevant times, Defendant employed "employee[s]," including Plaintiff, who have been engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

37. At all relevant times, Defendant has had gross annual operating revenues in excess of $500,000.00.

38. Crow Construction, Inc., together with the individual employer-defendant, provided the tools to Plaintiff for his work, directed the specifics of the work, and was heavily invested in the construction jobs.

39. Crow Construction, Inc., together with the individual employer-defendans, informed Plaintiff when and where he was to provide his labor, and the highest amount of profit that Plaintiff could receive from the work was his wages.

40. Crow Construction, Inc., together with the individual employer-defendant, had far more to gain or lose from the jobs on which it had Plaintiff work: Plaintiff did not contract with Defendant's customers, and his exposure was only that Defendant might not, as was often the case, pay him in full for his labor.

### E. Defendant Tracy Crow

41. Defendant Tracy Crow (hereinafter "Crow") manages and controls the operation of the business and dictates the employment policies of the business including but not limited to the decision to classify Plaintiff as an independent contractor.

42. Crow is a citizen and resident of the State of Arkansas, and he owns or co-owns Defendant Crow Construction, Inc.

43. Crow owns, manages and controls Crow Construction, Inc.

44. At all relevant times, Crow held himself out to Plaintiff to be, fully in charge of Defendant Crow Construction, Inc.

45. Crow had the authority to hire and fire Plaintiff.

46. Crow was at all times relevant to this Complaint, Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

47. At all relevant times Crow had operational control of the corporate defendant's day-to-day functions.

### F. Defendants Generally

48. At all times relevant to this Complaint, Defendant was Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

49. At all relevant times, Defendant has owned and operated a construction business engaged in interstate commerce and which utilized goods which moved in interstate commerce.

50. During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum.

51. Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

52. Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

53. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

54. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the 29 U.S.C. § 201, *et seq*.

IV.

## DEFENDANT'S INTENT

55. All actions by Defendant were willful and not the result of mistake or inadvertence.

56. Defendant knew or should have known that the FLSA applied to the operation of the business at all relevant times. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the underpayment of wages to construction workers under the FLSA was challenged.

57. Plaintiff had no power to negotiate his pay as he did not bid jobs. He was told when to come to work and when to leave work. If he were late, he

would be in trouble with Defendant. He did not have to have his own expensive tools or expensive construction equipment. He did not have discretion in how to do his job, but instead was given plans to follow. He was to be paid for all hours worked whether the job made a profit or not. He filled out and turned in time sheets.

58. Defendant set the rules and had complete control over the venue, and Plaintiff had to obey these rules or risk the loss of his job.

59. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and withhold overtime wages from him in effort to enhance profits.

60. Defendant knew that welders such as Plaintiff are employees that should be paid under the law, and has simply chosen not to pay them.

## V.

## INJURY AND DAMAGE

61. Plaintiff has suffered injury, incurred damages and significant financial loss as a result of Defendant's conduct complained of herein.

## VI.

## CLAIM FOR RELIEF—VIOLATION OF THE FLSA

62. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

63. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

64. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay each employee one and one-half times his or her regular hourly wage for all hours worked over forty (40) hours in a week.

65. For each week that Plaintiff worked more than forty (40) hours in a week, he is owed the overtime premiums that he has never been paid.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorney's fees, provided for by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.

## CLAIM FOR RELIEF—VIOLATION OF THE AMWA

68. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

69. Arkansas Code Annotated § 11-4-211 requires employers to pay each employee one and one-half times his or her regular hourly wage for all hours worked over forty hours in a week.

70. For each week that Plaintiff worked more than forty (40) hours in a week, he is owed the overtime premiums that he has never been paid.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorney's fees, provided for by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Charles Pounders, Landon Lawson and Jason Lawrence respectfully pray that each Defendant be summoned to appear and answer herein, and for orders as follows:

- (A) For an order of this Honorable Court entering judgment in Plaintiff's favor against each Defendant, jointly and severally;

- (B) That the Court award Plaintiff his actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages;

- (C) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

- (D) Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

- (E) A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, § 11-4-201 et seq.;

- (F) Judgment for damages for all unpaid regular wages and overtime compensation under the Arkansas Minimum Wage Act, § 11-4-201 et seq.

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiff during the applicable statutory period;

(H) Judgment for any and all civil penalties to which Plaintiff may be entitled;

(I) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CHARLES POUNDERS, LANDON LAWSON and JASON LAWRENCE, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com